IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARTIN L. BLACKWELL, | : |
|                 Plaintiff, | : |
| v. | :    No. 5:19-cv-00002-MTT-CHW |
| ALETA GARDNER, | : |
|                 Defendant. | : |

**ORDER & RECOMMENDATION**

Plaintiff Martin L. Blackwell, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. He also moved for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Mot. For Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff was previously granted leave to proceed *in forma pauperis* and ordered to pay an initial partial filing fee, Order, Feb. 8, 2019, ECF No. 6, which he has now done. Thus, the complaint is ripe for preliminary review.

On preliminary review of the complaint, Plaintiff's deliberate indifference and retaliation claims based on Dr. Aleta Gardner's refusal to provide Plaintiff with medications and other treatments for his medical conditions will be allowed to proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's deliberate indifference claim against Dr. Gardner based on the failure to obtain Plaintiff's pet scan results be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

    **I. Authority & Standard for Preliminary Screening**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an]

officer or employee of a governmental entity," the Court is required to conduct a preliminary review of Plaintiff's complaint. See 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the

complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

A. Plaintiff's Complaint

In his complaint, Plaintiff asserts that, on March 26, 2018, he was taken to another prison for a pet scan to determine whether a previous surgery to remove cancer from Plaintiff's mouth had been successful or whether Plaintiff still had cancer. Compl. 5, ECF No. 1. When the results came back to Washington State Prison, Defendant Dr. Aleta Gardner was not able to read the results and was supposed to call the people who had performed the pet scan in order to get them to read the results to her. *Id.* Instead of doing that, Dr. Gardner told Plaintiff that an ear, nose, and throat doctor would have to read the results to him. *Id.* The ear, nose, and throat doctor, however, also could not read the pet scan results. *Id.* Moreover, that doctor told Plaintiff that Dr. Gardner would have to call

to have the results read to her because she was the one who had made the referral for the pet scan. *Id.*

On June 12, 2018, Plaintiff went to see the cancer specialist at Augusta State Medical Prison, but the specialist was unable to treat Plaintiff because of the unclear results from the pet scan. *Id.* at 6. At that point, Plaintiff had filed two grievances against Dr. Gardner relating to the failure to obtain his pet scan results. *Id.* The cancer specialist therefore ordered another pet scan, which was done on July 14, 2018. *Id.* Plaintiff then stayed at the Augusta Medical Prison until September of that year, at which point he came back to Washington State Prison. *Id.*

On Plaintiff's return to Washington State Prison, Dr. Gardner took away all of the medications that the doctor at Augusta had prescribed for Plaintiff. *Id.* Plaintiff suffers from a hiatal hernia and severe heartburn. *Id.* He also had an upper and lower GI scope performed in October 2018 to make sure he did not have cancer in his stomach or colon. *Id.* The scope showed that Plaintiff's throat was inflamed, and as a result, he was having trouble swallowing. *Id.* Dr. Gardner had previously given Plaintiff Ensure to help with the swallowing problem, but she subsequently took away his Ensure, the omeprazole he took for heartburn, his "diet snack," and his allergy medication. *Id.*

Finally, Plaintiff also has psoriasis, and Dr. Gardner will not fill the prescription that Plaintiff's dermatologist gave him for that condition. *Id.* Plaintiff filed this complaint, alleging that Dr. Gardner was deliberately indifferent to his serious medical needs and that she retaliated against him for filing a grievance against her. *Id.* at 7.

1. Deliberate Indifference to a Serious Medical Need

A prisoner seeking to state an Eighth Amendment claim for deliberate indifference to a serious medical need must allege facts to show that his medical need was objectively serious and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Additionally, the prisoner must assert facts showing causation between the defendant's deliberate indifference and the plaintiff's injury. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243. An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference can include the delay of treatment for obviously serious conditions where it is apparent that the delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." *Harper v. Lawrence Cty.*, 592 F.3d 1227, 1235 (11th Cir. 2010) (internal quotation marks omitted).

a. Pet Scan Results

Initially, Plaintiff asserts that Dr. Gardner was deliberately indifferent when she

5

failed to obtain Plaintiff's pet scan results in a timely manner, which ultimately required him to get a second pet scan. Plaintiff sufficiently alleges that he had a serious medical need, insofar as he asserts that he had a history of oral cancer and that it was unclear at the time whether the cancer had been fully removed by the treatment that he had previously received, such that further scans were warranted. *See Runkle v. Fleming*, 435 F. App'x 483, 484 (6th Cir. 2011) (concluding that a plaintiff's "history of colon cancer, with the potential of recurrence, present[ed] a sufficiently serious medical need").

Moreover, the facts, as alleged, indicate that Dr. Gardner was aware of Plaintiff's need for monitoring and that she caused a delay in obtaining Plaintiff's scan results when she failed to contact the facility that performed the scan after she was unable to read the results herself. Plaintiff does not allege any facts, however, to show that this delay in having the scan results read actually exacerbated his condition or otherwise caused him any injury. In particular, Plaintiff does not allege that the scan results showed that the cancer was still present or that he was required to have any additional treatment once the new scan was performed.

As Plaintiff has not alleged any injury caused by Dr. Gardner's delay in obtaining his scan results, he has not stated a claim for deliberate indifference against Dr. Gardner in this regard. *See Goebert*, 510 F.3d at 1326; *see also Harper*, 592 F.3d 1227 at 1235. Thus, it is **RECOMMENDED** that this claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### b. Withholding Medication

Plaintiff also asserts that Dr. Gardner was deliberately indifferent to his serious medical needs in that she would not provide him with certain medications and treatments including heartburn and allergy medications, as well as medicine prescribed for his psoriasis. Plaintiff identifies a hiatal hernia, trouble swallowing, heartburn, allergies, and psoriasis as his medical problems. Although he does not elaborate on the severity of these conditions or their potential to cause him serious harm, as this stage of the proceeding, the Court must liberally construe the allegations in Plaintiff's favor. Applying this standard, Plaintiff has sufficiently alleged that he has serious medical needs that require medication or other treatment.

Plaintiff's factual allegations suggest that Dr. Gardner was aware of Plaintiff's conditions and deliberately refused to provide him with his medications and other treatments. Construed broadly in his favor, Plaintiff's allegation that Dr. Gardner has withheld his treatments suggests that his symptoms from these conditions are likely recurring. Thus, Plaintiff has sufficiently alleged facts to allow his claim for deliberate indifference based on withholding treatment to proceed for further factual development.

### 2. Retaliation

Plaintiff also asserts that Dr. Gardner withheld his medications and other treatments as retaliation for his filing grievances against her. "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow*, 320 F.3d at 1248. A prisoner litigant may state a claim for retaliation by alleging

7

that (1) he engaged in constitutionally protected speech, (2) he suffered an adverse action likely to "deter a person of ordinary firmness from engaging in such speech," and (3) there was a causal relationship between the speech and the retaliatory action. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

Plaintiff alleges that he engaged in First Amendment speech by filing two grievances against Dr. Gardner. He further alleges that, at the first opportunity after those grievances were filed, Dr. Gardner withheld Plaintiff's treatments for multiple medical conditions. Withholding treatment for medical conditions could be considered an adverse action likely to deter a person from engaging in protected speech. Thus, Plaintiff has sufficiently alleged a retaliation claim to proceed past the preliminary review stage.

B. Conclusion

Therefore, for the reasons set forth above, Plaintiff's deliberate indifference and retaliation claims based on Dr. Gardner's refusal to provide Plaintiff with medications and other treatments for his medical conditions will be allowed to proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's deliberate indifference claim based on the failure to obtain Plaintiff's scan results be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**II. Right to File Objections**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to any recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this

Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

### III. Order for Service

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANT DR. ALETA GARDNER**, and that she file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

### DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute. Defendant is advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of

or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendant from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.  Plaintiff

is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

## CONCLUSION

Thus, for the reasons discussed above, his deliberate indifference and retaliation claims based on Dr. Aleta Gardner's refusal to provide Plaintiff with medications and other treatments for his medical conditions will be allowed to proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's deliberate indifference claim based on the failure to obtain Plaintiff's scan results be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**SO ORDERED and RECOMMENDED**, this 10th day of June, 2019.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge