# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MARTIN L. BLACKWELL, | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-2 (MTT) |
| | ) |
| ALETA GARDNER | ) |
| | ) |
| Defendant. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the Defendant's motion to dismiss for failure to exhaust administrative remedies through the prison grievance procedure. Doc. 40. The Plaintiff objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation de novo.

In his objection, the Plaintiff admits he did not file a grievance concerning Defendant Gardner's alleged discontinuation of his medication in September 2018. Docs. 49 at 1-2; 41 at 1. However, he claims he already had two grievances pending during the time he could have grieved the September 2018 incident. *Id.* He argues that because the grievance policy of the Georgia Department of Corrections ("GDC") limits inmates to two active grievances, he was unable to file a third, so the prison grievance process was unavailable. Doc. 41 at 1-2.

An inmate is excused from the exhaustion requirement of the Prison Litigation Reform Act when the grievance procedure is unavailable. The grievance procedure is

unavailable in three circumstances: when "it operates as a dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," when the procedures for filing grievances are so opaque as to be practically incapable of use, or when prison officials thwart inmates' access to the grievance procedure by machination, misrepresentation, or misuse. *Ross v. Blake*, 136 S.Ct. 1850, 1853-54 (2016).

The Plaintiff has not specified which of those circumstances he believes is implicated by the GDC's two-grievance limit. However, courts have consistently held that this limitation does not render the grievance process unavailable under *Ross*. *See Pearson v. Taylor*, 665 Fed. Appx. 858, 868 (11th Cir. 2016); *Phillips v. Deal*, 2016 U.S. Dist. LEXIS 133609, *16 (M.D.Ga. July 25, 2016), *report and recommendation adopted, Phillips v. Deal*, 2016 U.S. Dist. LEXIS 133038, *1 (M.D.Ga. Sept. 28, 2016) (MTT)*; Sullivan v. Powell,* 2018 U.S. Dist. LEXIS 133859, *9 (S.D.Ga. July 6, 2018). In those cases, as here, the GDC Standard Operating Procedures ("SOP") allow an inmate to drop one of his two existing grievances in order to file a third. Doc. 33-3 at 8. The Plaintiff, therefore, could have filed a grievance based on the alleged conduct of this lawsuit—if at the cost of dropping an existing grievance. Although this procedure may be burdensome, the Court agrees with the reasoning of the other to courts to consider the issue: the GDC SOP's limit on active grievances does not render the grievance process unavailable under *Ross*.

Accordingly, after review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 40) is **ADOPTED** and made the Order of the Court. Accordingly, the Defendant's motion to dismiss (Doc. 33) is **GRANTED**, and the Plaintiff's complaint is **DISMISSED** without

prejudice. The Plaintiff's pending motion to appoint counsel (Doc. 44) and "motion for addendum to notification" (Doc. 41) are **DENIED** as moot.

**SO ORDERED**, this 30th day of March, 2020.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT