# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MARTIN L. BLACKWELL, | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-2 (MTT) |
| | ) |
| ALETA GARDNER | ) |
| | ) |
| Defendant. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends denying Plaintiff Martin Blackwell's motion for relief from judgment. Doc. 56. Blackwell objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation de novo.

Blackwell sued Gardner for allegedly providing inadequate medical treatment and retaliating against him. Doc. 13 at 4-10. Gardner moved to dismiss for failure to exhaust administrative remedies, and the Magistrate Judge recommended granting that motion. Docs. 33; 40. Blackwell objected. Doc. 49. In that objection, Blackwell stated, in conclusory fashion, that he "did exhaust his remedies. [He] had two (2) active Grievances and was Procedurally Barred from filing any more Grievances at that time." Doc. 49 at 1. The Court interpreted this as an argument that the GDC's two-grievance limit rendered the administrative process unavailable to him, but noted that "courts have consistently held that this limitation does not render the grievance process unavailable

under *Ross* [*v. Blake*, 136 S.Ct. 1850 (2016)]." Doc. 50 at 2.  The Court adopted the Recommendation.  *See generally id.*

In his motion for reconsideration, Blackwell appears to make three arguments.  First, he claims that Gardner's alleged conduct was "out of scope of employment."  Doc. 55 at 2.  The Court cannot discern the relevance of his pinpoint citation,[1] although the case he cites does address scope of employment issues in the context of the Westfall Act.  *See generally Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995).  That argument provides no grounds for relief from the Court's judgment.

Second, Blackwell alleges generally that "Plaintiff has filed several grievances on medical / Aleta Gardner that courts have not look at."  Doc. 55 at 2.  He argues that "[t]he Court can not dismiss Plaintiff complaint without researching all of Plaintiff's Grievances.  Exhibit A. OTTS Grievance History."  *Id.*  However, the motion for reconsideration did not attach a grievance history or grievance records, so it is entirely unclear what "grievances" Blackwell means to reference.

His objection cites Grievance #251580, in which Blackwell alleged that Gardner cancelled his allergy medications.  Doc. 57 at 1-2.  That grievance is in the record and was filed in September 2017 and denied in October 2017.  Doc. 37-1.  This case concerns Gardner's alleged denial of medication in September 2018.  As the Magistrate Judge reasoned, "Plaintiff cited to grievances filed in September 2017 and March 2018.  Doc. 37.  Again, neither of those grievances could have possibly addressed the September 2018 incident, since it was yet to occur."  Doc. 40 at 4.  That reasoning remains sound.

---

[1] He cites specifically to *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 433 n.10, which has no discernible relevance to his argument.

Blackwell does not specifically cite to any other grievances.  His vague and sweeping allegation of other "grievances on medical . . . that courts have not look at" is insufficient and, at least in the case of Grievance #251580, untrue.  Further, the burden is on Blackwell to allege exhaustion (at *Turner*'s first step) and put forth evidence of exhaustion (at *Turner*'s second step), and he has done neither.  The burden is not on the Court to go out and "research[] all of Plaintiff's Grievances."  Doc. 55 at 2.

Still, the Defendants did file a copy of Blackwell's grievance history, and no grievances filed after June 2018 were medical in nature.  Doc. 33-5.  The Defendants, unlike Blackwell, individually analyzed his grievances and discussed why they did not exhaust the claims brought in the complaint.  Doc. 33-1 at 6.  The Magistrate Judge also considered them thoroughly, and nothing in Blackwell's motion for reconsideration undermines the Magistrate Judge's analysis.

Third, Blackwell argues, in general terms, that he has a right to discovery.  Doc. 55 at 2.  Apparently he wants hard copies of "all medical grievances and response and testimony of all Person involved."  Doc. 59 at 3, 6.  As the Magistrate Judge noted, however, the Plaintiff bore the duty to conduct discovery, including on exhaustion, but did not.  Doc. 56 at 1-2.  The Magistrate Judge concluded that Blackwell's "failure to conduct discovery does not constitute a judicial mistake or otherwise give any cause for vacating the Court's final judgment in this action."  Doc. 56 at 2.

In his objection to the Magistrate Judge's Recommendation to deny his motion for reconsideration, Blackwell argues that Washington State Prison previously refused him copies of relevant grievances because he would not pay for them.  Doc. 57 at 2.  He attached a blank invoice listing the GDC's price for records: $1.75 for labor, plus 25¢

per page for copies.  Doc. 57-2 at 1.  He argues he is indigent and should not have to pay for the records.  Doc. 57 at 2.  Blackwell gives no reason why he could not have made this argument in response to the October 31, 2019 motion to dismiss.  But in any event, inmates proceeding *in forma pauperis* still must pay the cost of discovery, including making copies of records, and Blackwell cites no authority to support his argument to the contrary.

Accordingly, after review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 56) is **ADOPTED** and made the Order of the Court, and Blackwell's motion for relief from judgment (Doc. 55) is **DENIED**.

**SO ORDERED**, this 16th day of December, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT