**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| MARTIN L. BLACKWELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:19-cv-00002-MTT-CHW |
| | : | |
| ALETA GARDNER, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendant. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Before the Court is a successive Rule 60(b) motion filed by Plaintiff Martin Blackwell. (Doc. 61). It is **RECOMMENDED** that this latest motion be **DENIED**.

Blackwell commenced this action in January 2019. In his standard form complaint, in response to a prompt reading "When do you allege this incident took place," Plaintiff stated "3/26/18 until now." (Doc. 32, p. 5). The complaint focused on cancer screening conducted throughout 2018, and on alleged contemporaneous misconduct by Defendant Aleta Gardner, a prison physician. In part, Defendant Gardner's alleged misconduct consisted in the withholding or confiscation of medication:

> On 7/14/18 I went to Augusta to have the pet scan done. I stayed in Augusta until 9/18. When I came back to Washington State Prison Dr. Gardner took all my medication that the doctor at [Augusta State Medical Prison] had just renewed.

(Doc. 32, p. 6)

In March 2020, the Court dismissed this action based on Plaintiff's failure to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Doc. 50). In so ruling, the Court noted that Plaintiff's relevant grievance history was

1

limited to "only four [grievances], since they were filed after Plaintiff's medication was allegedly removed or discontinued in September 2018." (Doc. 40, p. 5). The Court also rejected an attempt by Plaintiff to amend his complaint to add "new claims involving new facts against new defendants over a year after the commencement of the action." (Doc. 40, p. 2).

In his pending Rule 60(b) motion, Plaintiff relies on new evidence consisting of grievance papers dating from 2017. Rule 60(b)(2) sets the standard for relief based upon new evidence. It provides that a court "may relieve a party …from a final judgment" for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

As previously explained when denying Plaintiff's initial Rule 60(b) motion, Plaintiff's failure diligently to conduct discovery is not grounds for relief from judgment, and certainly, it does not satisfy Rule 60(b)(2)'s requirement of "reasonable diligence." Even if the grievance materials that Plaintiff cites were relevant, Plaintiff should have earlier obtained and submitted those documents through the use of ordinary discovery devices, as well as compulsive discovery process if necessary. Accordingly, even if the grievance materials were relevant, Plaintiff would not be entitled to Rule 60(b) relief.

Plaintiff's new grievance materials are not relevant, however. Rather, they represent yet another effort by Plaintiff impermissibly to expand the scope of the claims at issue in this action. Despite Plaintiff's original focus on events dating from "3/26/18 until now," (Doc. 32, p. 5), the grievance Plaintiff cites — grievance number 251580 — relates to conduct from August 2017. *See* (Doc. 61-2, p. 2). Moreover, the grievance's substance relates to allergy medication, and bears no relation to cancer treatment. Nor does the grievance broach the subject of possible retaliation by Defendant Gardner based on Plaintiff's use of the prison grievance system.

Even if Plaintiff could meet Rule 60(b)(2)'s diligence requirement, therefore, Plaintiff's new evidence is not material to the claims at issue in this action. *See, e.g.*, *Waddell v. Hendry Cnty. Sherriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003). Accordingly, for both of these reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's latest Rule 60(b) motion. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge will make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 19th day of January, 2021.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge